UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**  Plaintiff,  v.  **CHARISE VALENTINE,**  Defendant. | 2:18-CR-20513-TGB-APP  2:25-MC-50250-TGB-APP  HON. TERRENCE G. BERG  **ORDER GRANTING MOTION TO COMPEL COMPLIANCE WITH AN ADMINISTRATIVE SUBPOENA (ECF NO. 241/ECF NO. 1)** |

Presently before the Court is the United States' Motion to Compel the State of Michigan Department of Treasury to Comply with an Administrative Subpoena for tax returns and information of Defendant Charise Valentine and related individuals and corporations. ECF No. 241. Ancillary proceedings were opened (2:25-mc-50250-TGB-APP) to allow for a response from the Michigan Treasury.

The Michigan Treasury does not dispute that the Administrative Subpoena is valid pursuant to 21 U.S.C. § 876(a). While Defendant Charise Valentine questions the propriety of using an administrative subpoena, instead of a judicially-approved Rule 17 subpoena, *see* Fed. R. Crim. Proc. 17(c)(1), it was not improper for the prosecution to use an administrative subpoena to obtain tax information form the Michigan Treasury in this case. *See* 21 U.S.C. § 876(a) ("In any investigation . . .

with respect to controlled substances . . ., the Attorney General may . . . require the production of any records . . . which the Attorney General finds relevant or material to the investigation."); *United States v. Phibbs*, 999 F.2d 1053, 1077 (6th Cir. 1993) (noting that § 876 "may also be used to discover evidence related to the charges in the original indictment" and that it is distinct from Fed. R. Crim. Proc. 17(c)).

But the Michigan Treasury insists that pursuant to MCL § 205.28(1)(f), it cannot disclose tax information, even to a federal agency charged with the responsibility for the administration or enforcement of criminal law for purposes of investigating or prosecuting criminal matters, *without a judicial order*. In response, the United States contends 21 U.S.C. § 876 preempts Michigan's judicial order requirement. Indeed, at least one federal Circuit Court of Appeals has held that § 876 preempts state law whenever "there is a positive conflict between [a] provision of th[e federal Controlled Substance Act] and [a] State law so that the two cannot consistently stand together." *Oregon Prescription Drug Monitoring Program v. U.S. Drug Enf't Admin.*, 860 F.3d 1228, 1236 (9th Cir. 2017) (citing to 21 U.S.C. § 903).

Here, § 876 anticipates that, in the case of noncompliance, the Attorney General may seek a court order to compel compliance with the subpoena. 21 U.S.C. § 876(c). Thus, simultaneous compliance with both § 876 and MCL § 205.28(1)(f) is not a "physical impossibility." *See Gade v. Nat'l Solid Wastes Mgmt. Ass'n*, 505 U.S. 88, 98 (1992). But MCL

2

§ 205.28(1)(f) nonetheless "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress," *see id.*, because the purpose of § 876 is precisely to allow the Attorney General to obtain information through a subpoena *without a court order.*

As the Ninth Circuit explained in a similar case, a state law "placing the initial burden of requiring a court order to enforce the subpoena" upon a federal agency "interferes with the scheme Congress put in place for the federal investigation of drug crimes and thereby undermines Congress's goal of 'strengthen[ing] law enforcement tools against the traffic in illicit drugs.'" *Oregon Prescription Drug Monitoring Program*, 860 F.3d at 1236 (citing to *Gonzales v. Raich*, 545 U.S. 1, 10 (2005)). Thus, the Ninth Circuit held that an Oregon statute requiring a court order prior to complying with a federal administrative subpoena was in "positive conflict" with, and therefore preempted by, 21 U.S.C. § 876, because the state law "interfere[d] with the methods by which the federal statute was designed to reach [its] goals." *See id.* (citing to *Gade*, 505 U.S. at 103).

For the same reasons, MCL § 205.28(1)(f)'s requirement that the Michigan Treasury may disclose tax return information only "pursuant to a judicial order" is preempted by 21 U.S.C. § 876. Nonetheless, Michigan "preserves" its option to contest federal administrative subpoenas and "trigger the enforcement procedure described in § 876(c)." *See id.*

3

For the reasons explained above, therefore, the government's Motion to Compel Compliance (ECF No. 241/ECF No. 1) is **GRANTED**, and it is **ORDERED** that the Michigan Department of Treasury, the Michigan Department of Attorney General, their employees and agents shall disclose Michigan Department of Treasury documents and tax returns identified in the Administrative Subpoena attached as Exhibit A (sealed) to the Motion to Compel, which are related to this matter, as may be necessary, appropriate, and required for the adjudication of the government's investigation through trial and appeals, determining compliance with terms of probation and/or sentence, and relating to the Michigan Department of Treasury's administration of laws related to the Defendant, without implicating the criminal and/or civil penalties provided under Mich. Comp. Laws § 205.28(1)(f).

    **SO ORDERED.**

| | |
|---|---|
| Dated: March 17, 2025 | /s/Terrence G. Berg<br>TERRENCE G. BERG<br>UNITED STATES DISTRICT JUDGE |